UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE GRAY, | Case No. 1:17-cv-666<br>Dlott, J.<br>Bowman, M.J. |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Stephanie Gray filed this Social Security appeal in order to challenge the Defendant's denial of her disability claim. *See* 42 U.S.C. §405(g). Proceeding *pro se*, Plaintiff presents a single claim of error. For the reasons explained below, I conclude that the ALJ's finding of non-disability is supported by substantial evidence and should be AFFIRMED.

**I. Summary of Administrative Record**

In December 2013, Plaintiff applied for disability insurance benefits ("DIB") and for supplemental security income ("SSI"), alleging disability as of October 18, 2010 primarily based upon a mental disorder, although Plaintiff also relied on alleged physical impairments related to hepatitis B and sickle cell disorder. After her applications were denied initially and upon reconsideration, Plaintiff timely requested an evidentiary hearing before an administrative law judge ("ALJ"). On April 26, 2016, ALJ Giuffre held a hearing at which Plaintiff appeared pro se, after waiving her right to appear with a representative. (Tr. 13, 242; *see also generally* Tr. 87-117). At the hearing, the ALJ notified Plaintiff that her records from Talbert House were not up to date, and Plaintiff executed releases so

1

that the ALJ could obtain the most recent records. (Tr. 29, 93). At the time of the hearing, both Plaintiff and a vocational expert testified. On June 21, 2016, noting that she had held the administrative record open for a number of weeks but still had not received additional records, the ALJ issued an adverse written decision, denying Plaintiff's claim of disability.

Within a day or two of that adverse decision, Plaintiff obtained an additional 58 pages of Talbert House records. (Tr. 6, 31). On August 16, 2016, Plaintiff, through her case manager, timely requested additional review from the Appeals Council, relying in part on a reference to the recently obtained records. (Tr. 243). On September 6, 2016, the Appeals Council granted Plaintiff's request for more time to submit new information and directed her to send the additional information "within 25 days of the date of this letter," or by October 1, 2016. Within the requested time, Plaintiff submitted the additional 58 pages of Talbert House records to the Appeals Council.

By letter dated July 20, 2017, the Appeals Counsel acknowledged receipt of the additional pages and explained that it would consider the post-hearing evidence only if Plaintiff could show it was "new, material, and relates to the period on or before the date of the hearing decision." (Tr. 6). The Appeals Council indicated that Plaintiff could send a statement in order to show "there is a reasonable probability that the additional evidence would change the outcome of the decision," and "good cause for why you missed informing us about or submitting [the new evidence] earlier." (*Id.*) The Appeals Council informed Plaintiff that she "must" send any statement or new information within 30 days of the date of the July 20, 2017 letter, and that they would "not allow more time to send information except for very good reasons." (*Id.*) There is no indication that Plaintiff sent

2

any further explanation to show "good cause" for her failure to earlier submit the referenced records, or that the records were new and material.

On September 6, 2017, after considering Plaintiff's request for additional review including review of the recently obtained Talbert House records, the Appeals Council denied further review. The Appeals Council found "no reason under our rules to review" the ALJ's decision, specifically determining that the additional records were not "new" or "material" under relevant regulations. (Tr. 1-2). The Appeals Council specifically found that Plaintiff's submission of an additional 58 pages of treatment notes from Talbert House did "not show a reasonable probability that it would change the outcome of the decision," and therefore declined to further consider that evidence. (Tr. 2).

The Appeals Council's denial of further review effectively rendered the ALJ's decision as the final decision of the Commissioner. Thereafter, Plaintiff timely filed a judicial appeal of that decision in this Court.

Plaintiff was 42 years old on the date of the onset of her alleged disability, and was 47 years old, still a "younger individual" for purposes of social security, on the date that the ALJ issued the adverse decision. She reported several years of college and has an associate's degree as a medical assistant, although she never used her degree. (Tr. 94). Instead, she previously performed semi-skilled work as a remote agent/call center clerk, as well as skilled work as an officer manager, as a retail manager, and as a copier repairer. She also performed unskilled work as a cashier. (Tr. 22). All of her prior work was performed at the light or sedentary level.

The ALJ determined that Plaintiff suffers from a severe impairment of an affective disorder, as well as non-severe impairments of hepatitis B and chronic anemia with some fatigue, but no shortness of breath or dizziness. (Tr. 16). However, the ALJ determined

3

that Plaintiff did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, such that Plaintiff was entitled to a presumption of disability. Instead, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with only the following nonexertional restrictions:

> [S]he has the ability to complete simple to detailed tasks in a setting that does not have a need for close sustained focus/concentration or sustained fast pace. She has the capacity for superficial contact with co-workers and the public. She has the capacity to work in a routine environment with infrequent changes.

(Tr. 18).

Based on the testimony of a vocational expert, the ALJ determined that Plaintiff remains capable of performing three of her prior positions: specifically, as a remote agent/call center clerk, cashier, and copier repairer. (Tr. 21). Therefore, the ALJ concluded that Plaintiff was not under a disability. (Tr. 22).

Plaintiff argues that the ALJ erred when she indicated that she would obtain the most recent treatment notes at the April 26, 2016 hearing, but then rendered the unfavorable decision prior to receipt and review of those records. Plaintiff posits that if the ALJ had reviewed her most recent treatment notes, she would have received benefits. (Doc. 8). In part because this Court's review of an ALJ's decision is limited to the record presented before the ALJ, and in part because this Court agrees with the Appeals Council that the tendered evidence is neither new nor material, I find no error and no basis for reversal or remand.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or

4

mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

Whether considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of

Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

### B. Plaintiff's Claim

Plaintiff's claim, construed liberally, is that substantial evidence does not support the ALJ's adverse disability decision. Plaintiff believes that if the ALJ had considered the most recent 58 pages of records, encompassing her treatment between October 28, 2015 and June 17, 2016, the ALJ would have found her to be disabled. She urges this Court to consider those records in favor of reversal of the ALJ's decision.

#### 1. New Evidence Cannot Be Considered Under Sentence Four

This Court cannot consider evidence submitted *after* the ALJ issued her decision to determine whether substantial evidence at the time, to uphold the ALJ's decision. *See Cline v. Com'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Based upon the evidence cited by the ALJ, including medical records and medical opinion

6

evidence that she discussed, I conclude that substantial evidence exists to support her determination.

Relevant to the review of Plaintiff's "substantial evidence" challenge, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record….[and her] allegations [to be] out of proportion to the medical evidence and other evidence." (Tr. 19). In fact, although Plaintiff initially claimed some physical impairments, there is no evidence of any severe physical impairment. In this appeal, Plaintiff does not challenge the ALJ's determination that she can perform work at all exertional levels.

The ALJ also pointed out numerous inconsistencies between Plaintiff's subjective complaints and more objective evidence concerning her mental limitations. (*See e.g.*, Tr. 20-21). For example, although Plaintiff alleges a disability onset date of October 18, 2010, she did not appear to have sought any mental health treatment until more than three years after that date; she was first seen for depression at Centerpoint Health on November 26, 2013 (*Id*). Plaintiff started outpatient counseling with a social worker at that facility on December 10, 2013. On January 13, 2014, she returned to Centerpoint, now called Talbert House, and was prescribed Prozac. In March 2014 she was diagnosed with bipolar disorder and her medication was changed.

The ALJ discussed multiple treatment records from Talbert House dating from the beginning of her treatment through October 27, 2015, and overall noted that the course of Plaintiff's treatment at Talbert House and elsewhere was "not consistent with disabling mental impairment." (Tr. 20). Plaintiff has never been psychiatrically hospitalized or required Emergency Department care. While she has received regular treatment at

Talbert House, she has never "required or received intensive outpatient mental health services," and her thought process, speech, recent and remote memory, and attention and concentration have all been found to be "normal." (Tr. 20).

In addition to the mental health treatment records, the ALJ gave "great weight" to a March 20, 2014 psychological consultative examination by Jennifer Stoeckel, Ph.D. Dr. Stoeckel diagnosed depressive disorder not otherwise specified and assigned a global assessment of functioning ("GAF") score of 59, reflective of moderate symptoms. (Tr. 20). Regarding work-related mental abilities, Dr. Stoeckel opined that Plaintiff appeared capable of performing simple tasks and could understand and apply instructions in a work setting consistent with low average to average intellectual abilities. (Tr. 489). In addition, Dr. Stoeckel believed that Plaintiff's mental health symptoms secondary to her depression "may interfere with her ability to respond appropriately to the public or constructive criticism," and "[u]nder stress, she is likely to develop increased depressive symptomatology, isolation, and withdrawal. (Tr. 489; *see also* Tr. 20).

Dr. Stoeckel's opinions are consistent with the RFC as formulated by the ALJ, as are the opinions of two state agency reviewing psychologists, whose opinions the ALJ gave "considerable weight." (Tr. 21). All three consulting opinions also are consistent with the ALJ's ultimate non-disability determination. Thus, substantial evidence in the record before the ALJ supports the Commissioner's decision. Because substantial evidence exists, remand under Sentence Four of 42 U.S.C. § 405(g) is not appropriate.

**2. Plaintiff's Evidence Does Not Require Remand Under Sentence Six**

Because Plaintiff proceeds pro se in this Court, the undersigned additionally has construed her Statement of Errors as suggesting that remand for review of the additional Talbert House records could be appropriate under Sentence Six of 42 U.S.C. § 405(g).

8

While the additional Talbert House records cannot be considered to determine whether substantial evidence exists to uphold the ALJ's decision under Sentence Four, new evidence can support remand under Sentence Six. *See Cline v. Com'r of Soc. Sec*., 96 F.3d at 148. However, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding," and "material," meaning there is "a reasonable probability that the Secretary would have reached a difference disposition." *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001) (internal quotations and citations omitted); *see also Hollon ex rel. Hollon v. Com'r of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir. 2006). Moreover, the plaintiff must also establish good cause for her failure to earlier present the evidence to the ALJ. *See Bass v. McMahon,* 499 F.3d 506 (6th Cir. 2007).

On the record presented, remand under Sentence Six is not appropriate. It is the Plaintiff's burden to provide a complete record to the ALJ. *See* 20 C.F.R. § 404.1512. By the time of the hearing, the ALJ had more than 1,000 pages of records, including at least 973 pages of medical records submitted by the Plaintiff. (*See, e.g.*, Tr. 341, 349-1321). The mental health records reviewed by the ALJ included a number of Talbert House treatment records reflecting treatment between November 26, 2013 and October 27, 2015. In addition, the ALJ reviewed treatment records from Behavioral Health Services between November 2013 and October 27, 2015, and the opinions of three different psychological consultants. At the April 26, 2016 hearing, the ALJ alerted Plaintiff that she did not have the most recent records from Talbert House and asked Plaintiff to execute

releases in order to obtain those records. (Tr. 30, 93). On May 5, 2016, a letter was mailed to Talbert House, requesting records from the prior six months.[1] (Tr. 29).

Notably, Plaintiff offers no explanation at all for her original failure to submit those records prior to the date of the hearing before the ALJ. *See Holton ex rel. Holton*, 447 F.3d 477, 485 (6th Cir. 2006) ("Holton has not even attempted to show that these materials were unavailable to her or her prior counsel during the course of the administrative proceedings"); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (to prove "good cause," Plaintiff must demonstrate "a reasonable justification for the failure to acquire and present the evidence" to the ALJ) (additional citation omitted).

Despite Plaintiff's failure to show good cause (or any cause at all), the undersigned has reviewed the belatedly submitted evidence to determine whether it is "new" and "material" under Sentence Six. (See Tr. 32-35; 40-86). The records cannot be considered "new" insofar as the vast majority of the records existed <u>before</u> the date of the hearing, and all of the records were generated prior to the date of the ALJ's written decision.[2] Plaintiff's failure to show the evidence is "new" in any way defeats any claim that this Court should remand under Sentence Six. *Accord Cuthbertson v. Com'r of Soc. Sec.*, Case No. 1:11-cv-582, 2012 WL 2620257, at **5-6 (S.D. Ohio July 5, 2012), adopted at 2012 WL 3073232 (S.D. Ohio July 30, 2012).

Even if Plaintiff could show both that the records were "new" and that she had good cause for failing to present the records to the ALJ in this case, she still has failed to show

---

[1] Defendant states that the ALJ requested copies of the latest records "within ten days" but the referenced letter does not appear to list a time limit for submission of the additional records. (*See* Doc. 11 at 3, citing Tr. 29). An ALJ cannot be expected to hold a record open indefinitely. Here, the hearing was held on April 26, 2017 and the ALJ's written decision was not rendered until nearly two months later, on June 21, 2017.
[2] The most recent treatment note is dated June 17, 2016, a few days before the ALJ's June 21, 2016 decision.

10

that the evidence is "material." "In order for the claimant to satisfy this burden of proof as to materiality, [she] must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The tendered records are relevant to the assessment of Plaintiff's mental limitations. However, the ALJ had already determined based on Talbert House and other treatment notes, as well as three psychological consultative reports, that Plaintiff was limited to completing simple to detailed tasks in a setting that did not have the need for close sustained focus/concentration or sustained fast pace, with only superficial contact with co-workers and the public, and a need to work in a routine environment with infrequent changes. (Tr. 18). Plaintiff points to nothing in the record that would require any greater limitations. In addition, the opinions of the psychological consultants were well-supported, and it was reasonable for the ALJ to give them great weight in assessing Plaintiff with less than disabling mental limitations. The most recent pages of treatment notes do not contain any additional RFC opinions, and do not otherwise suggest additional limitations that would be inconsistent with those assessed by the ALJ. To the contrary, the latest notes regularly note "no new issues." (Tr. 32-35, 40-86). Thus, there is no "reasonable probability" that the ALJ would have reached a different conclusion on the issue of Plaintiff's disability if she had been presented with the additional Talbert House records.

In sum, the records that Plaintiff urges this Court to consider cannot be considered to determine whether substantial evidence existed to support the ALJ's decision. The undersigned finds, based upon the administrative record that was before the ALJ at that

11

time, that the June 21, 2016 non-disability determination is substantially supported. Additionally, remand under Sentence Six is not warranted because Plaintiff has failed to show "good cause" for her failure to submit the additional 58 pages of records to the ALJ prior to the hearing and/or prior to the ALJ's written decision, and Plaintiff also has failed to show that the evidence is either "new" or "material" as those terms are defined under the regulations and relevant case law.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be **AFFIRMED** as supported by substantial evidence, and that this case be **CLOSED.**

                                              */s Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE GRAY, | Case No. 1:17-cv-666 |
| | Dlott, J. |
| | Bowman, M.J. |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).